UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICK HUNTER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 13-07204-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Patrick Hunter ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Court concludes that the ALJ erred when assessing Plaintiff's residual functional capacity ("RFC") and in determining that Plaintiff was capable of performing his past relevant work. Accordingly, the ALJ's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

///

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his applications for benefits on September 8 and 14, 2009, alleging disability beginning February 14, 2008. Administrative Record ("AR") 15. The ALJ found that Plaintiff had the severe impairments of schizoaffective disorder, bipolar disorder, and a history of polysubstance dependence. AR 17. The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with a limitation to "simple, repetitive tasks with limited public contact." AR 19. At step four of the sequential evaluation process, the ALJ concluded that Plaintiff was capable of performing his past relevant work as an amusement-park worker both as actually and generally performed, and was therefore not disabled. AR 22.

# II.
# ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) assessing Plaintiff's credibility; (2) evaluating the opinion of Plaintiff's treating physician; (3) assessing Plaintiff's RFC; and (4) determining that Plaintiff could perform his past relevant work at step four.[1] See Joint Stipulation ("JS") at 4.

///
///
///

---

[1] Because the Court concludes that the ALJ erred when assessing Plaintiff's RFC and in determining that Plaintiff could perform his past relevant work, it will not address Plaintiff's other claims of error. However, as discussed below, see infra Section C on remand, the ALJ should re-examine the medical expert to clarify the record and have Plaintiff evaluated by an examining psychiatrist.

# III.
# DISCUSSION

### A. The ALJ Erred When Assessing Plaintiff's RFC

Plaintiff contends that the ALJ erred when determining his RFC because the ALJ did not incorporate some mental limitations found by the consultative examining physician. JS at 35-36. As noted above, the ALJ determined that Plaintiff retained the RFC to perform work at all exertional levels with a limitation to simple, repetitive tasks with limited public contact. AR 19. In formulating this RFC, the ALJ gave significant weight to the opinion of the examining clinical psychologist, Bahareh Talei, Psy.D. AR 21. Although the ALJ credited Dr. Talei's opinion, the ALJ did not include Dr. Talei's finding that Plaintiff had "a moderate inability to interact appropriately with supervisors, coworkers, and peers on a consistent basis." AR 510.

In the hierarchy of physician opinions, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). Further, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Because the ALJ did not specifically reject any portion of Dr. Talei's opinion, it is unclear why the ALJ included in the RFC a limitation on Plaintiff's contact with the public but no limitation on contact with co-workers and supervisors. If the ALJ did in fact intend to reject portions of Dr. Talei's opinion, he could do so only for specific and legitimate reasons that are supported by substantial evidence. The ALJ did not do that here. Accordingly, upon remand, the ALJ must properly assess Plaintiff's RFC and either incorporate the other mental limitations found by Dr. Talei or reject them for

specific and legitimate reasons supported by substantial evidence in the record.

**B.** **The ALJ Erred in Concluding that Plaintiff Could Perform His Past Relevant Work**

Plaintiff contends that the ALJ erred in determining that he was capable of performing his past relevant work as an amusement-park worker because the requirements of that job, as provided by the Dictionary of Occupational Titles ("DOT"), are incompatible with the ALJ's RFC assessment. JS at 39-40. In assessing Plaintiff's RFC, the ALJ concluded that Plaintiff could perform jobs with "limited public contact." AR 19. Plaintiff argues that this limitation precludes him from performing his past relevant work as an amusement-park worker because that job requires frequent public contact. JS at 39.

The DOT's description of the job of "amusement park worker" includes performing any combination of the following duties in an amusement park:

> Escorts patrons on tours of park's points of interest. Takes pictures of patrons to impart pictures onto T-shirts, using camera, automatic printing equipment, and heating press. Maintains and distributes uniforms worn by park employees. Cleans park grounds, office facilities, and rest room areas, using broom, dust pan, or vacuum cleaner. Distributes literature, such as maps, show schedules, and pass information, to acquaint visitors with park facilities. Monitors activities of children using park playground area to ensure safe use of equipment. Directs patrons to seats for park attractions and opens doors to assist patrons' entry and exit from attractions. Receives cash for tickets or items sold to patrons and records sales, using cash register.

DICOT 349.664-010, available at 1991 WL 672881 (1991). In addition, the job requires a "significant" amount of speaking. Id.

The ALJ failed to address the apparent discrepancy between a limited

amount of contact with the public and the job duties of an amusement-park worker, which involve a significant amount of interaction with the public, as provided by the DOT. Nor did the ALJ question the vocational expert ("VE") to determine whether Plaintiff was capable of performing his past relevant work as an amusement-park worker given his limitation to infrequent public contact.[2] See AR 22. Although an ALJ is not required to consult a VE at step four, see Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993), it would have been helpful in this particular situation given the evident conflict between the RFC and the job duties as provided by the DOT.

The Commissioner argues that any error is harmless because, even if the job duties as provided by the DOT conflict with the limitation on public interaction, the DOT only provides a description of how a job is generally performed, and Plaintiff can still perform the job as actually performed. JS at 40. This argument is without merit. First, the ALJ found that Plaintiff could perform the job as both generally performed and actually performed. See AR 22. Second, the ALJ never questioned Plaintiff regarding how he actually performed the job of amusement park worker, so there is nothing in the record to support the Commissioner's implicit argument that Plaintiff actually performed the job with minimal public interaction. Moreover, had the ALJ questioned the VE regarding Plaintiff's ability to perform the job of amusement-park worker given a limitation on interaction with the public, the outcome may have been different. See, e.g., Loveless v. Astrue, No. 10-0892, 2012 WL 775105, at *13 (D. Or. Jan. 23, 2012) (where claimant was limited to only occasional social interaction, VE testified that limitation would eliminate claimant's ability to perform past relevant work as amusement-park worker).

---

[2] Although a VE testified at Plaintiff's hearing, the ALJ did not ask the VE any questions. See AR 58.

Accordingly, upon remand, the ALJ may wish to question a VE to determine whether Plaintiff can perform his past relevant work as an amusement-park worker given his limited public contact, and if not, whether there is other work that Plaintiff can perform despite his impairments.

**C.    Remand Is Required to Address the Errors Identified by the Court and for Further Development of the Record**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the Court finds that remand is warranted in order for the ALJ to: determine whether to incorporate Dr. Talei's limitation on contact with co-workers and supervisors into Plaintiff's RFC, determine the impact, if any, of Plaintiff's restriction to limited public interaction on his ability to perform the occupation of amusement-park worker, and sufficiently explain any deviation from the DOT.

In addition, the Court recommends that the ALJ re-examine the medical expert, Dr. Griffin, regarding his assessment of Plaintiff's mental impairments. Dr. Griffin stated that he was unable to determine whether Plaintiff's

functional limitations were a result of a psychotic disorder or were instead caused by Plaintiff's substance abuse. AR 32-34. Dr. Griffin was unable to make this determination primarily because he incorrectly identified the last date in the record in which there was evidence of Plaintiff's substance abuse as May 11, 2009, see AR 33-34, 36, 40, when in fact the records to which Dr. Griffin was referring were dated May 11, 200**7**. See AR 243-44, 305-19.[3]

Finally, the Court recommends that the ALJ have Plaintiff evaluated by a consultative examining psychiatrist. The Court found Dr. Talei's opinion largely unhelpful because it focused primarily upon the results of intelligence tests Dr. Talei administered to Plaintiff, rather than on an assessment of the impact of Plaintiff's severe mental impairments of schizoaffective and bipolar disorders on his ability to perform work-related functions.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: February 5, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[3] It is also unclear why the ALJ afforded "considerable weight" to Dr. Griffin's opinion when Dr. Griffin essentially stated that he could not provide any opinion due to the confusion regarding Plaintiff's sobriety date. AR 21.